IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HOCKER and CATHERINE HOCKER, h/w, <br><br>                     *Plaintiffs,* <br><br> v. <br><br> MICHAEL KLURFIELD and D J INTERSERVICE CORP., <br>                    *Defendants.* | CIVIL ACTION <br> No. 15-04262 |

## MEMORANDUM

**PAPPERT, J.**                                                                December 7, 2015

      On February 21, 2014, a truck driven by Defendant Michael Klurfield ("Klurfield") and owned by Defendant D J Interservice Corporation ("D J") (collectively "Defendants") rear-ended a car driven by Plaintiff William Hocker ("Mr. Hocker"). (Compl. ¶ 4–5, ECF No. 1.) Mr. Hocker sustained serious injuries that required surgery and prevented him from returning to work as a truck driver. (Pls.' Pet. ¶ 4; Defs.' Resp. ¶ 4.) Mr. Hocker and his wife, Catherine Hocker ("Mrs. Hocker") (collectively "Hockers"), sued the Defendants in the Philadelphia County Court of Common Pleas on November 4, 2014. (*See generally* Compl.) The Hockers served the complaint on the Defendants on December 18, 2014. (Pls.' Pet. ¶ 1; Defs.' Resp. ¶ 1.) On August 3, 2015, the Defendants removed the complaint to this Court. (Notice of Removal, ECF No. 1.) The Hockers filed a Motion to Remand on September 1, 2015. (ECF No. 7.) They argue that the Defendants' removal more than thirty days after the initial pleading was untimely and thus procedurally defective. (*Id.*) In response (ECF No. 12), the Defendants contend removal was proper under 28 U.S.C. Section 1446(b)(3), which allows for removal after thirty

days of the initial pleading when "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  For the reasons that follow, the Court grants the Hockers' Motion and remands the case to the Common Pleas Court.

## I.

The Hockers' complaint alleges claims of negligence and loss of consortium against the Defendants.  (Comp. ¶ 7–28.)  As described in the complaint, Mr. Hocker's injuries included: "diffuse neck pain, fracture through the superior endplate of T8 body and T7–8 vertebrae disc space hematoma, costovertebral left sided fracture, necessity to undergo a T6–T10 posterolateral fusion and pedicle screw instrumentation, and lateral femoral cutaneous nerve syndrome." (*Id.*)

The Defendants filed their answer to the complaint on May 19, 2015.  (Pls.' Pet. ¶ 2; Defs.' Resp. ¶ 2.)  On or about July 9, 2015, the Defendants served the Hockers with the following Request for Admission: "Plaintiffs admit that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  (Defs.' Resp. at Ex. B.)  On or about July 28, 2015, the Hockers replied with an admission to the Defendants' request.  (Defs.' Resp. at 3.)  On August 3, 2015, the Defendants removed the case to this Court.  (*See generally* Notice of Removal.)

## II.

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party bears the burden of demonstrating that the district court has jurisdiction.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Any doubts as to the propriety of removal are resolved in favor of remand.  *See Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108,

111 (3d Cir. 1990)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

District courts have original jurisdiction over all civil actions in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). Diversity statutes "must be narrowly construed," so that the congressional intent to restrict federal diversity jurisdiction is honored.  *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1044 (3d Cir. 1993).  Generally, a defendant must file a notice of removal within thirty days of receiving the initial pleading:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In removal cases, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398; *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).  When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement.  *See Angus*, 989 F.2d at 146.  This is measured by a "reasonable

reading of the value of the rights being litigated." *Id.* Estimations of the total damage must be realistic, and the inquiry into whether the amount is met "should be objective, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

### III.

A realistic and objective reading of the complaint served on December 18, 2014 shows that the amount in controversy was over $75,000.[1] (Compl. ¶ 7–28.) Mr. Hocker's injuries were alleged to be serious. In addition to his physical injuries, Mr. Hocker allegedly suffered loss of earnings and impairment of earning capacity and medical costs. Mrs. Hocker states a separate claim for loss of consortium. (*Id.*) Other courts in this Circuit have concluded that complaints alleging similar injuries met the federal court's amount in controversy requirement. *See, e.g.*, *Johnson v. Organo Gold Int'l, Inc.*, No. CV 15-390, 2015 WL 7353910, at *2 (D. Del. Nov. 20, 2015) (finding that the amount in controversy exceeded $75,000 where plaintiff's injuries included serious medical injuries requiring multiple blood and platelet transfusions and an emergency surgery); *Lewis v. FCA U.S. LLC*, No. CIV.A. 15-2811, 2015 WL 3767521, at *2 (E.D. Pa. June 17, 2015) (finding that the amount in controversy exceeded $75,000 where plaintiff's injuries included lumbosacral sprain and strain, medical care and treatment, mental anguish, and disability from performing usual duties, occupations, and avocations); *Clark v. J.C. Penney Corp, Inc.*, No. CIV.A. 08-4083, 2009 WL 1564175, at *3 (D.N.J. June 1, 2009) (finding that the amount in controversy exceeded $75,000 where plaintiff's injuries included surgery, severe and permanent injuries, lost wages, medical care expenses, and pain and suffering).

---

[1] The Hockers also contend that the Defendants were on notice of the severity of Mr. Hocker's injuries in the spring of 2015, after their attorney forwarded Mr. Hocker's medical records to Kim Thai, an insurance adjuster for Intact Insurance, the Defendants' insurance carrier. (Pls.' Pet. ¶ 4–5; Defs.' Resp. ¶ 4–5.) As the Court finds the four corners of the Hockers' complaint sufficient to determine that the amount in controversy exceeded $75,000, it need not consider this issue.

Defendants argue that decisions from our Court "have held that when a complaint fails to specifically allege damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy requirement is met, the removal period is not triggered by service of the complaint."  (Defs.' Resp. at 4.)  Those cases, however, are distinguishable—they included boilerplate allegations with little specificity.  *See, e.g.*, *Inaganti v. Columbia Prop. Harrisburg LLC*, No. CIV.A. 10-1651, 2010 WL 2136597, at *5 (E.D. Pa. May 25, 2010) ("The Complaint contains only general boilerplate allegations that plaintiff suffered a variety of physical and mental injuries and loss of earning capacity.  While these injuries are seemingly serious, Plaintiffs identify no precise injury or medical condition."); *Brown v. Modell's PA II, Inc.*, No. CIV.A. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008) ("[T]he complaint was full of boilerplate allegations."); *Marchiori v. Vanguard Car Rental USA, Inc.*, No. CIV.A. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) ("[P]laintiff's complaint alleged [only] some specific medical injuries.").

An objective and realistic reading of the Hockers' complaint satisfies the Court that the amount in controversy exceeded $75,000 at the time it was filed.  The exception to the general rule of 28 U.S.C. Section 1446(b)(1) is therefore inapplicable and the Hockers' Motion to Remand is granted.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.